**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALLEGRA NETWORK, LLC, and ALLEGRA
HOLDINGS, LLC,

    Petitioners,

v.                                          Case No. 12-12683

THE HORVATH COMPANY, et al.,

    Respondents.
                                         /

**ORDER GRANTING PETITIONERS' MOTION TO CONFIRM ARBITRATION AWARD**

        Petitioners Allegra Network, LLC, and Allegra Holdings, LLC, pursuant to a franchise agreement ("Agreement") with Respondents The Horvath Company, LLC, Thomas Horvath, and Kerstin Horvath, filed a demand for arbitration before the American Arbitration Association ("AAA"). Following the arbitration, the arbitrator awarded Petitioners $125,842.98 on the claims against Respondents, $13,662.88 in attorneys' fees and costs, and $5,675.00 in administrative fees for a total of $145,180.86.

        Petitioners filed a petition to confirm the arbitration award on June 19, 2012. Respondents were served with their summons on July 25, 2012, but did not file an answer or move to vacate, modify, or correct the arbitration award. A default judgment was entered against Respondents on August 22, 2012. Petitioners moved to confirm the arbitration award on September 19, 2012. Respondents have not responded, but a hearing is unnecessary to resolve the motion. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will confirm the arbitration award.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, governs all arbitration matters between the parties. (Petitioners' Mot. § 17(H) at 49, Dkt. # 1-1.) The Agreement states, "Judgment upon the arbitrator's award may be entered in any court of competent jurisdiction." (*Id.* § 17(G) at 48.) "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, . . . [then] the court must grant such an order unless the award is vacated, modified, or corrected . . . ." 9 U.S.C. § 9. The FAA "expresses a presumption that arbitration awards will be confirmed." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005). Respondents have failed to provide any reason as to why the arbitration award should not be confirmed. The award has not been vacated, modified, or corrected. Accordingly, the arbitration award is confirmed.

Petitioners seek judgment interest on the award pursuant to Michigan Compiled Laws §§ 600.6013(1), (7). The Agreement states that all amounts that Respondents owe to Petitioners "will bear interest accruing as of their due date 1.5% per month or the highest commercial contract interest rate the law allows, whichever is less." (Petitioners' Mot. § 3(C) at 14, Dkt. # 1-1.) When a judgment is rendered on a written instrument, Michigan law allows for a maximum interest rate of 13% compounded annually from the date of filing the complaint to the date of satisfaction of the judgment. Mich. Comp. Laws § 600.6013(7). Petitioners are thereby awarded judgment interest at the rate of 13% compounded annually until the judgment is satisfied.

Finally, Petitioners request attorneys' fees and all costs and expenses incurred in filing their petition and this motion. The Agreement reads, "If either party initiates an arbitration . . . proceeding and [Petitioners] prevail, [Petitioners] will be entitled to

2

reasonable costs and expenses (including attorneys' fees incurred in connection with such arbitration . . . proceeding)." (Petitioners' Mot. § 17(D) at 47, Dkt. # 1-1.) Federal Rule of Civil Procedure 54(d) allows for a claim for attorney's fees to be made by motion. Fed. R. Civ. P. 54(d)(2)(A). Petitioners are awarded attorneys' fees and all costs and expenses incurred in filing their petition and motion to confirm the arbitration award in an amount to be shown after entry of judgment pursuant to Rule 54(d). Accordingly,

IT IS ORDERED that Petitioners' motion to confirm arbitration award [Dkt. # 16] is GRANTED. Petitioners are DIRECTED to submit a proposed judgment, stipulated as to form, by **December 14, 2012**, consistent with this order. In the event a stipulation cannot be reached as to form, the parties shall submit their competing proposed judgments by **December 14, 2012**, and the court will consider both before entering its own.

Petitioners are further DIRECTED to submit by **December 14, 2012**, a statement of fees in accordance with Federal Rule of Civil Procedure 54(d)(2) for attorneys' fees and costs incurred in filing their petition and motion. Petitioners shall submit the statement in a time-log-type format, containing columns for (1) the date, (2) the hours worked for each particular activity, (3) a description of the work performed, and (4) the name, title, and hourly rate of the individual who performed the work. Any response by Respondents shall be filed by **December 21, 2012**.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: December 4, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 4, 2012, by electronic and/or ordinary mail.

                                                   s/Lisa Wagner
                                                   Case Manager and Deputy Clerk
                                                   (313) 234-5522