# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALLEGRA NETWORK, LLC and ALLEGRA
HOLDINGS, LLC,

    Petitioners,

v.                                              Case No. 12-12683

THE HORVATH COMPANY, et al.,

    Respondents.
                                         /

## ORDER GRANTING PETITIONERS' MOTION FOR FEES AND COSTS

Pursuant to this court's December 4, 2012 order, Petitioners timely submitted a statement of fees in accordance with Federal Rule of Civil Procedure 54(d)(2) for attorneys' fees and costs incurred in filing their petition and motion to confirm the arbitration award. Any response by Respondents was to be filed by December 21, 2012. Respondents did not respond. Petitioners seek attorneys' fees and costs in the amount of $4,764.66.

Under the so-called "American rule," parties to a litigation are to bear their own attorneys' fees unless there is a statutory provision that permits shifting the fee burden to the other party. *Fogerty v. Fantasy*, *Inc.*, 510 U.S. 517, 533 (1994) ("Unlike Britain where counsel fees are regularly awarded to the prevailing party, it is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney fees."). However, under the parties' franchise agreement, "[i]f either party initiates an arbitration, judicial or other proceeding and [Petitioners] prevail, [Petitioners] will be entitled to reasonable costs and expenses (including attorneys' fees incurred in

connection with such arbitration, judicial or other proceeding).'' (Franchise Agreement § 17(D), Dkt. # 1-1.) Awarding Petitioners attorneys' fees is therefore appropriate.

Once the court determines that fees are appropriate, a reasonable amount of fees must be calculated. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). The "lodestar" approach is considered to be the proper method for determining the amount of reasonable attorney's fees. *Id*. at 1401 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Bldg. Serv. Local 47*, 46 F.3d at 1401 (alterations in original and citation omitted.) "The party seeking attorney's fees bears the burden of proof on the number of hours expended and the rates claimed." *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). When "'the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is *presumed* to be the reasonable fee' to which counsel is entitled." *Del. Valley*, 478 U.S. at 564 (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

A reasonable hourly billing rate is generally calculated according to the prevailing market rates in the relevant community. *Blum,* 465 U.S. at 897. Petitioners' counsel have requested an hourly rate of $195 and, in only a few instances, an hourly rate of $310 and $400. The Sixth Circuit has held that a $200 hourly rate is reasonable for legal work in several types of litigation. *See, e.g.*, *Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 501 (6th Cir. 2006) (approving $200 hourly rate in a 42

U.S.C. § 1983 case involving Detroit area counsel); *Auto Alliance Int'l, Inc. v. U.S. Customs Serv.*, 155 F. App'x. 226, 228 (6th Cir. 2005) (finding that "[t]he district court's $200 flat rate is well within the market rate for the Eastern District of Michigan" in a Freedom of Information Act case).[1]  The court finds that Petitioners' requested rates are consistent with Sixth Circuit precedent.

A complete "lodestar" calculation requires that the hours billed be reasonable. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995).  Petitioners' counsel spent 27.65 hours on the case. The court concludes that approximately 28 hours is not an unreasonable number of hours to bill for filing the petition and motion to confirm the arbitration award.  The court will therefore grant Petitioners' request for 27.65 hours as time reasonably billed.

Finally, the court finds that Petitioners' request for $104.26 in FedEx charges and $484.40 in process service fees is reasonable.  Accordingly,

IT IS ORDERED that Petitioners' motion for fees and costs [Dkt. # 19] is GRANTED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  January 25, 2013

---

[1] The court also notes that the higher rates are within the realm of reasonableness.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 25, 2013, by electronic and/or ordinary mail.

                                             s/Lisa Wagner
                                             Case Manager and Deputy Clerk
                                             (313) 234-5522